Craton LIDDELL, et al.

v.

The BOARD OF EDUCATION OF the CITY OF ST. LOUIS, MISSOURI, et al.

Michael C. and Kendra LIDDELL, minors by Minnie LIDDELL, their mother and next friend; and Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; and Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his father and next friend; and Samuel Yarber, Appellees,

Earline Caldwell; Lillie Mae Caldwell; and Gwendolyn Daniels; and National Association for the Advancement of Colored People, Appellees,

v.

The BOARD OF EDUCATION OF the CITY OF ST. LOUIS; Dr. M. Thomas, Penelope Alcott, Thomas Bugel, Eddie Davis, Louis Fister, Richard Gaines, John P. Mahoney, Marjorie Smith, Dorothy Springer, Shirley Kiel, Rev. Earl Nance, Jr., and Douglas Rush; Julius C. Dix, David J. Mahan, and Anne E. Price, Associate Superintendents; Dr. Jerome B. Jones, Superintendent; in their official capacities, Appellees,

The State of Missouri; John Ashcroft, Governor; William L. Webster, Attorney General; Wendell Bailey, Treasurer; John A. Pelzer, Commissioner of Administration; Dr. Robert Bartman, Commissioner of Education; The State Board of Education; and its Members: Roseann Bentley, Dan L. Blackwell, Thomas R. Davis, Susan D. Finke, Raymond F. McCallister, Jr., Cynthia B. Thompson, Terry A. Bond, and Roger A. Tolliver, Appellants,

The Affton Board of Education; The Bayless Board of Education; The Brentwood Board of Education; The Clayton

---

Board of Education; the Hancock Place Board of Education; The Hazelwood Board of Education; The Jennings Board of Education; The Kirkwood Board of Education; The Ladue Board of Education; The Lindbergh Board of Education; The Mehlville Board of Education; The Normandy Board of Education; The Pattonville Board of Education; The Ritenour Board of Education; The Rockwood Board of Education; The Valley Park Board of Education; The Webster Groves Board of Education, Appellees.

No. 88–2034.

United States Court of Appeals, Eighth Circuit.

July 27, 1989.

Robert Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellants.

William Taylor, Washington, D.C., Stephen Cooper, John Gianoulakis, and James Erwin, St. Louis, Mo., for appellees.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and REASONER,* District Judge.

## ORDER

On May 15, 1989, the Webster Groves Board of Education and the Rockwood Board of Education filed a petition for clarification, or in the alternative for rehearing, with respect to this Court's opinion of April 21, 1989. 873 F.2d 191. We denied that petition on May 31, 1989, believing that our opinion had answered the questions posed in that petition. We now have before this Court a petition from the district court asking for clarification of the April 21, 1989 opinion. The district court raises the same questions as did the former petitioners. In light of this fact, we withdraw our previous denial to the petition filed by Webster Groves and Rockwood and respond as follows:

1. Missouri is obligated to fund voluntary transfer students up to a total of 15,000, regardless of any individual county district's Plan Ratio and/or Plan Goal attainment. We note that fewer than 12,000 black students have transferred to the suburban school districts as of this date. Thus, the suburban schools have a long way to go before they meet the 15,000 VTS cap.

2. The state's obligation to fund the voluntary transfer of students will continue until such time as the state is relieved of that obligation.

3. County capital budgets are not limited by Plan Ratios or Plan Goals.

4. Two school districts, Mehlville and Rockwood, have yet to meet their Plan Ratio. Mehlville must enroll approximately 547 additional black students before it meets its Plan Ratio. Rockwood must en-

* District Court Judge sitting by designation from    Eastern District of Arkansas.

roll approximately 420 additional black students before it meets its Plan Ratio. These schools must make every effort to reach that Plan Ratio promptly. The Voluntary Interdistrict Coordinating Council should work with these school districts to make sure that they reach their Plan Ratio at the earliest possible date. Even if these school districts were to meet their Plan Ratio in the 1989–90 school year, more than 2,000 additional student positions would remain to be filled before the goal of 15,000 students is reached. Thus, every suburban school district that signed the Settlement Agreement remains obligated under its terms to cooperate in good faith in reaching the total goal of 15,000 students.

5. We are confident that as the goal of 15,000 students nears realization, the district court, the Voluntary Interdistrict Coordinating Council and the school districts will be able to work out in a cooperative manner all other questions that have been raised, again having in mind that the primary goal is to enroll 15,000 black students in the county school districts. Every district is obligated to cooperate to achieve that goal. No school district is free to stand by and wait for another district to reach the VTS cap.